# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2023

Lyle W. Cayce
Clerk

_____

No. 22-10649

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

German Martinez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-118-1

_____

Before Higginbotham, Southwick, and Willett, *Circuit Judges*.
Per Curiam:[*]

German Martinez pleaded guilty to illegal reentry into the United States following a prior removal. He was sentenced at the bottom of the applicable guidelines range to 24 months of imprisonment to be followed by three years of supervised release. He now appeals, arguing that the district court erred in refusing his request to vary below the guidelines range based

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

on his motivation for committing the instant offense and his difficult family circumstances.

We review a challenge to the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Martinez's within-guidelines sentence is entitled to a presumption of reasonableness. *See United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). To rebut that presumption, Martinez must show "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Martinez's general disagreement with the propriety of his sentence and the district court's weighing of the 18 U.S.C. § 3553(a) factors is insufficient to establish that the district court erred in balancing them. *See Gall*, 552 U.S. at 51; *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *Cooks*, 589 F.3d at 186. He has not shown that the district court abused its discretion by sentencing him within the applicable guidelines range to 24 months in prison. *See Gall*, 552 U.S. at 51. Consequently, the judgment of the district court is AFFIRMED.